**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000523**
**13-OCT-2017**
**09:29 AM**

NO. CAAP-17-0000523

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAROLINA DOMINGO, Movant-Respondent/Appellee,
v.
ESTELITA TABISULA TERRADO, Respondent-Appellant.


STEPHEN ISAMU SHIGAMOTO, STACY LYN SHIGAMOTO,
and PAULA LURI OGI, Intervenors-Appellees,
v.
ESTELITA TABISULA TERRADO and CAROLINA CACOCO DOMINGO,
Respondents-Appellees.


U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR
STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-GEL2,
Intervenor-Appellee,
v.
ESTELITA TABUSULA TERRADO, CAROLINA CACOCO DOMINGO,
STEPHEN ISAMU SHIGAMOTO, STACY LYN SHIGAMOTO,
and PAULA LURI OGI, Respondents-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 08-1-0202)


ORDER GRANTING AUGUST 25, 2017 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) Intervenor-Appellee U.S. Bank
National Association, as Trustee for Structured Asset Securities
Corporation Mortgage Pass-Through Certificates, Series 2007-

GEL2's (U.S. Bank as Trustee) August 25, 2017 motion to dismiss appellate court case number CAAP-17-0000523 for lack of appellate jurisdiction, (2) the absence of a timely response by Respondent-Appellant Estelita Tabisula Terrado (Terrado), pro se, to U.S. Bank as Trustee's motion, and (3) the record, it appears that we lack appellate jurisdiction over Terrado's appeal from the following two judgments that the Honorable Rhonda A. Nishimura entered in S.P. No. 08-1-0202 (RAN): (1) the November 29, 2016 amended judgment on an amended order confirming the sale of foreclosed real property pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), and (2) the November 9, 2015 judgment on a decree of foreclosure. Both of these judgments were immediately appealable pursuant to Hawaii Revised Statutes § 667-51(a) (2016).

Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) requires that "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." Terrado did not file her August 25, 2017 notice of appeal within thirty days after entry of the November 29, 2016 amended judgment or the November 9, 2015 foreclosure judgment, as HRAP Rule 4(a)(1) required for a timely appeal. Therefore, Terrado's appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Accordingly,

IT IS HEREBY ORDERED that U.S. Bank as Trustee's August 25, 2017 motion to dismiss Terrado's appeal is granted, and appellate court case number CAAP-17-0000523 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are denied.

DATED: Honolulu, Hawai'i, October 13, 2017.

Chief Judge

Associate Judge

Associate Judge